It was denied on the side of the plaintiff that payment had been made, and the defendant's counsel stopped here without attempting to prove the payment. He argued that the plaintiff ought not to recover, for no man can recover against his own solemn deed, covenanting for further assurances or quiet enjoyment; and this agreement being under (332) seal, is tantamount to such a deed. He cited Cowp., 597; Edwards v. Bailey.
E contra. It was argued that the only question now before the Court is whether or not the plaintiff has the legal title. He has shown his title at law, and what is shown on the part of defendant is not such a conveyance as will pass it out of him. It is not pretended that the writing produced can be brought under the denomination of any of those deeds that the law recognizes as a conveyance of title. Whether the defendant has an equitable title is not now necessary to be considered. This Court will not inquire into the equitable title of the defendant upon a trial in ejectment.
Let the jury give a verdict for the plaintiff, subject to the opinion of the Court upon a statement of the facts proved on the case. *Page 259 
This was consented to by the counsel on both sides; a verdict was given accordingly, and a statement made ut supra. Three or four days afterwards the Court gave judgment.